LOTTINGER, Judge.
This matter is before us on an appeal taken by the plaintiff from a judgment of the Lower Court sustaining an exception of no right or cause of action. The petition filed herein reads, in its entirety, as follows :
“1.
“Fatous Fakier, a resident of lawful age of the Parish of Lafourche, State of Louisiana.
“2.
“Petitioner, Ronald A. Eschete, is the owner and operator of that certain business known as Ronnie’s Texaco Service Station located and operated within the city limits of the City of Thibodaux, Louisiana.
“3.
“Over a period of several months, immediately preceding the filing of this petition, petitioner, while attempting to operate his business known as Ronnie’s Texaco Service Station, has repeatedly been interfered with in the operations of said business without justification, either in fact or in law, by members of the Police Department of the City of Thibodaux, Louisiana, in such a manner as to irreparably injure petitioner in the respects hereinafter set forth.
“4.
“Petitioner operates his place of business, Ronnie’s Texaco Service Station, within the city limits of the City of Thibodaux, Louisiana, on the Southwest corner of the intersection of Talbot Street with Canal Boulevard (Shriever Highway), operating said station under a lease from Texaco, Inc.
“5.
“Petitioner is required by Texaco, Inc., to operate his place of business, under a contract with Texaco, Inc., on a twenty-four (24) hour basis and has, at all times, operated his service station in accordance with generally accepted practices and customs connected with and governing the operation of a service station, and has further conducted said business in accordance with general good business practices and in the manner of a reasonable and prudent operator and owner of a service station.
“6.
“Petitioner, since taking over the ownership and operation of the business known as Ronnie’s Texaco Service Sta *324 tion has developed a substantial business with increasing good-will, due primarily to the capable and efficient manner in which his service station is operated, and, as a result thereof, at the time of filing of this suit, petitioner is the employer of six (6) employees other than petitioner.
' “7.
“The Police Department of the City of Thibodaux, Louisiana, acting through its individual police officers, has for a period of several months, immediately prior to the filing of this petition, interfered with the operations of petitioner’s business and the efficient and capable administration thereof, in the following respects:
“8.
“Arresting petitioner’s employees and petitioner; making repeated visits to petitioner’s place of business for the purpose of ‘investigating’ so-called violations of the ordinances of the City of Thibodaux, Louisiana; ordering petitioner and his employees to refrain from the use of certain equipment used in the efficient and capable administration and operation of petitioner’s service station, including, but not limited to, ordering petitioner to disconnect a small signal bell located inside petitioner’s service station, which rings when a cable extending outside petitioner’s service station, is depressed by the action of an automobile or truck tire driving over the said cable; ordering petitioner not to use a piece of equipment known as an ‘air wrench’; denying petitioner the right to change, repair, or otherwise work on automobile and truck tires at certain hours during which petitioner’s service station is open and being operated in accordance with the usual customs and practices of a service station, and while said service station is being administered and operated in a reasonable and prudent manner for like businesses.
“9.
“The limitations placed on the operation of petitioner’s business are arbitrary, capricious, and without authority in the law, and petitioner, rather than run the risk of being arrested and tried in court for violations of City ordinances (which petitioner contends are not applicable to the operations of petitioner’s service station), and in order to comply with the directives of the Police Department of the City of Thibodaux, Louisiana, has been forced to curtail the normal activities and business usually conducted by his service station, and, as a result thereof, has suffered immediate and substantial financial loss, and has further suffered immediate and substantial loss of future business, which will result in further financial loss to petitioner.
“10.
“Petitioner was formerly able to service trucks bearing Interstate Commerce Commission licenses during the entire twenty-four (24) hour period per day during which petitioner’s service station is open. As a result of the har-rassment and orders of the members of the Police Department of the City of Thibodaux, Louisiana, petitioner has been unable to properly service the aforesaid trucks bearing interstate Commerce Licenses.
“11.
“Additionally thereto, petitioner has been unable to properly service other trucks and/or automobiles, which, while not licensed by the Interstate Commerce Commission, require the service of a service station during the hours in which petitioner has been prevented, by the Police Department of the City of Thibodaux, Louisiana, from *325 operating his service station in a normal and usual manner.
“12.
“The type of services being performed by petitioner are essential and vital to the City of Thibodaux, Louisiana, and the surrounding area and are essential and vital to the safety and Welfare of the personnel of many companies located in and working around the area of the City of Thibodaux, Louisiana, and petitioner cites as a specific example, but not limited thereto, the fact that petitioner has been unable, for fear of .arrest, to change and repair truck tires on a truck belonging to and/or operated by the Mission Mud Company, which truck furnished ‘drilling mud’ to an oil and/or gas well at that time being drilled by the Humble Oil Company in the Thibodaux area, and which mud was vital to the safety and security of the workmen on said well, inasmuch as the presence of the ‘drilling mud’ at the site of said well was necessary for the purposes of preventing a ‘blow-out’ due to rising pressure in the well, which pressure, if not restrained and lowered through the presence and use of the ‘drilling mud’ being carried by the truck aforementioned, would have allowed the aforesaid well to ‘blow-out’ with subsequent injury and physical harm to the men working on said well.
“13.
“Petitioner alleges that the City of Thibodaux, Louisiana, has no zoning restrictions within the City limits of the City of Thibodaux, Louisiana, and petitioner is operating a legal business in a legal manner in .accordance with the best business practices attendant thereto.
“14.
“Although the City of Thibodaux has no zoning ordinances restricting the type of business to be located on the southwest corner of the intersection of Talbot Street with Canal Boulevard (Schriever Highway) within the city limits of the City of Thibodaux, Louisiana, the Police Department of the City of Thibodaux, Louisiana, and its-individual members, has attempted to. control and limit the use of the property on which petitioner’s business is. located and the manner in which petitioner’s business is being operated.
“15.
“Petitioner alleges on information and belief that the City of Thibodaux, Louisiana, is a Louisiana municipality with a population in excess of 13,-000 persons. Petitioner further alleges that there is no service station operating within the City limits of the City of Thibodaux, Louisiana, other than petitioner’s, which is open and available to serve the City of Thibodaux, and its citizens and/or any other persons traveling to or through the City of Thibo-daux, for an entire twenty-four hour period each day, and particularly petitioner’s service station is the only service station open between the hours of 12 o’clock midnight and 4 o/clock A. M.
“16.
“Petitioner, on information and belief, alleges that the harrassment of and interference with petitioner’s place of business and the operation thereof by the Police Department of the City of Thibodaux, Louisiana, is based in part upon Chapter 13 of the Municipal Code of the City of Thibodaux, Louisiana, and petitioner alleges that and avers that said Chapter 13 of the said Municipal Code of the City of Thibo-daux, Louisiana, is not applicable and does not cover the operation of petitioner’s business in any respect in which petitioner’s business is being operated in accordance with the best business practices and customs attend *326 ant to the operation of the type of business in which petitioner is engaged and is not applicable to petitioner’s business when petitioner’s business is being operated and administered in a legal, reasonable and prudent manner.

“17.

"Petitioner will suffer irreparable financial damage resulting from loss of business, both immediate and future and will suffer irreparable injury through the loss of good-will which has been built up over the period in which petitioner has operated his service station and by petitioner’s failure to be able to operate his service station in accordance with the best business practices and customs of said type of business, and by being forced to violate his agreement with Texaco, Inc., as aforesaid.
“18.
“Petitioner further alleges that his inability to conduct his business without interference and harrassment from the Police Department of the City of Thi-bodaux, Louisiana, will necessitate his limiting the hours in which is business is open, with the following results:
“(1) Discharge of some of the employees presently employed by petitioner ;
“(2) Loss of the services of an all-night service station within the city limits of the City of Thi-bodaux, Louisiana, for the more than 13,000 residents of the City of Thibodaux, Louisiana;
“(3) Hinderance and burden of Interstate Commerce by limitation of the available facilities necessary to maintain and keep in operation trucks being operated under licenses of the Interstate Commerce Commission; and
“(4) Non-availability to numerous companies of the vital and essential services of a. service station while said companies are serving the public interest and general welfare of the City of Thibodaux, Louisiana, and surrounding area, and the citizens of and residents located in said area.
“19.
“Petitioner alleges and avers that all of the interference and harrassment by the Police Department of the City of Thi-bodaux, Louisiana, as set forth herein, and all the damages suffered thereby, are the direct result of the actions of the defendant, Fatous Fakier, in filing of complaints with the Police Department of the City of Thibodaux, Louisiana, and in filing affidavits resulting in the arrest of petitioner and his employees.
“20.
“By reason of the facts hereinabove set forth, petitioner is without adequate remedy at law for the protection of his rights, except through the issuance of an injunction by this Court.
“WHEREFORE, petitioner prays that Fatous Fakier be ordered to show cause on a day and hour to be fixed by this Honorable Court why a preliminary injunction should not issue herein, enjoining, restraining and prohibiting him from in any manner interfering with plaintiff in the exercise of his rights in operating the business known as Ronnie’s Texaco Service Station as above referred to, and further enjoining, restraining and prohibiting the said defendant from in any manner interfering with plaintiff in the orderly and prudent operation of that business known as Ronnie’s Texaco Service Station, or in any manner interfering in the operation of said business in the *327 manner in which similar businesses are usually and customarily operated.
“Petitioner further prays that Fatous Fakier, defendant herein, be duly cited to appear and answer this petitioner, that he be served with a copy of same, and that, after due proceedings had, there be a judgment herein in favor of plaintiff, Ronald A. Eschete, and against the defendant, Fatous Fa-kier, recognizing the right of plaintiff to operate the said Ronnie’s Texaco Service Station in the usual and customary manner in which similar businesses are operated, without interference by the defendant, and that, in due course, a permanent injunction be issued herein enjoining, restraining and prohibiting the said Fatous Fakier from in any manner interfering with plaintiff in the exercise of his rights in operating the business known as Ronnie’s Texaco Service Station as above referred to, and further enjoining, restraining, and prohibiting the said defendant, Fatous Fakier, from in any manner interfering with plaintiff in the orderly and prudent operation of that business known as Ronnie’s Texaco Service Station, or in any manner interfering with the operation of said business in the manner in which similar businesses are usually and customarily conducted, and operated.
“Petitioner further prays for all general and equitable relief.”
 A reading of the above and foregoing shows plaintiff’s cause of action is predicated upon defendant Fakier’s filing of complaints with the City of Thibodaux. It is not alleged that his actions were unwarranted, capricious or illegal. Nor is the alleged ordinance under which the affidavits were filed stated to be unconstitutional, illegal or invalid. It is hornbook law that statutes and ordinances are presumed constitutional until the contrary is shown. This being the case, the object of the suit at bar is merely to enjoin an individual from filing affidavits or complaints under an apparent valid and subsisting ordinance, a privilege which the law affords him every right to. exercise.
We know of no law (nor has any been cited us) which would afford a complainant an injunction against one doing that which the law authorizes him to do.
Accordingly, it is clear the petition sets forth neither a right nor a cause of action and that the judgment appealed from is correct.
Judgment affirmed.